UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROKEDRICK WILLIBY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13357** |
| **NATIONAL CASUALTY COMPANY, ET AL** | **SECTION "L" (4)** |

### ORDER & REASONS

Before the Court is Plaintiff's motion to exclude or limit the testimony of Defendants' biomechanical engineering expert, Joseph Cormier, Ph.D and to strike his crush analysis. R. Doc. 37. Defendants oppose the motion. R. Doc. 42.

**I. BACKGROUND**: *Motor Vehicle Accident*

This case arises from the collision of an 18-wheeler dump truck and an 18-wheeler tractor trailer on November 20, 2018 in Orleans Parish, Louisiana. R. Doc. 1-1 ¶¶ 2, 6. Plaintiff Rokedrick Williby avers that on that date, as he was traveling westbound on Interstate 6-10 in a dump truck, a tractor trailer owned by D & JJJ Transport, LLC ("D & J") and operated by Daniel Mendoza traveled directly behind him. R. Doc. 1-1 ¶¶ 2-4. Noticing traffic congestion ahead, Plaintiff allegedly brought the dump truck to a stop and was rear ended by the tractor-trailer. R. Doc. 1-1 ¶ 6. Plaintiff avers he sustained injuries as a result of the accident.

Based on the foregoing factual allegations, Plaintiff filed suit in state court, seeking recovery from Defendant Mendoza. He contends the accident was caused by Mendoza's negligence, specifically his failure to yield, keep a proper look out, and maintain control of the vehicle, among others. R. Doc. 1-1 ¶ 8. Plaintiff additionally seeks to recover from Defendant D

& J for its own acts of negligence in failing to hire a competent driver and failure to properly train and supervise Defendant Mendoza, as well as under a respondeat superior theory of liability. R. Doc. 1-1 ¶ 10. Lastly, Plaintiff alleges that at the time of the accident, National Casualty Insurance Company had issued a policy of liability insurance covering Defendants Mendoza and D & J. R. Doc. 1-1 ¶ 12. In particular, Plaintiff seeks to recover damages for physical pain and suffering, mental anguish, loss of enjoyment of life, and medical expenses. R. Doc. 1-1 ¶ 11. All claims for lost wages and/or earning capacity have been withdrawn. R. Doc. 32

Defendants timely removed this case to federal court on the basis of diversity jurisdiction. R. Doc. 1 ¶ III. Defendants aver that while Plaintiff is a citizen of Louisiana, Defendants Mendoza and D & J are citizens of Texas and Defendant National Casualty Company is a citizen of Ohio. R. Doc. 1 ¶ III. Defendants further contend the amount in controversy is satisfied because Plaintiff seeks to recovery a wide variety of damages resulting from physical harm. R. Doc. 1 ¶ VII.

Defendants filed an answer, denying liability. R. Doc. 4. Defendants admit the accident occurred but raise a number of affirmative defenses including third-party fault, comparative fault, and failure to mitigate damages. R. Doc. 4 ¶ XVI. In particular, Defendants allege that Plaintiff failed to maintain control of his vehicle, operated the vehicle carelessly, and drove in a reckless or unsafe manner, among others. R. Doc. 4 ¶ XVII.

## II. PRESENT MOTION

Plaintiff moves to exclude the anticipated testimony and the crush analysis of Defendants' anticipated biomechanical engineering expert, Joseph Cormier, Ph.D. ("Dr. Cormier"). R. Doc. 37. Plaintiff first argues that Dr. Cormier's "causation" opinions will mislead the jury because he is not qualified to render an opinion on medication causation. I*d.* at 6, 7. Plaintiff also asserts that by relying upon a flawed accident reconstruction for time-speed distance calculations and by

2

failing to consider Plaintiff's pre-existing asymptomatic spondylolisthesis, Dr. Cormier did not follow basic biomechanic methodology. *Id.* at 8. Lastly, Plaintiff avers Dr. Cormier did not provide the crush analysis on which he relied on to "confirm the reconstruction and render his opinions" as required under Rule 26(2)(B) of the Federal Rules of Civil Procedure. *Id.*

Defendants oppose the motion. R. Doc. 42. Defendants argue that Dr. Cormier's testimony is admissible because his opinions are limited to the force of the impact and supported by reliable methodology. *Id.* at 1. In response to the motion to strike, Defendants counter that Dr. Cormier merely performed a crush analysis to confirm the speed calculations of their accident reconstructionist, Mr. Burson. *Id.* at 9

### III. LAW & ANALYSIS

#### a. Standard

Under Federal Rule of Evidence 702, a witness who is qualified as an expert may testify if (1) the expert's specialized knowledge will help the trier of fact understand the evidence or determine a fact in issue, (2) the testimony is based on sufficient facts or data, (3) the testimony is the product of reliable principles and methods, and (4) the expert has reliably applied the principles and methods to the facts of the case. Expert testimony is admissible only if it is both reliable and relevant. The trial court acts as a "gatekeeper," and must make a preliminary assessment of whether the expert is qualified in the relevant field and whether his testimony will be helpful to the jury. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993). Expert testimony should be excluded if "the jury could adequately assess [the] situation using only their common sense experience and knowledge." *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990). The Court must approach its gatekeeper duty "with proper deference to the jury's role as the arbiter of disputes between conflicting opinions." *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th

3

Cir. 1987). "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration*." Id.* "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attaching shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

Dr. Cormier has a Ph.D. in biomedical engineering and is a licensed professional engineer in Texas and Virginia. R. Doc. 42-4 at 1, 3. Dr. Cormier is undoubtedly qualified to provide an expert opinion in the field of biomechanics. However, Court agrees with Plaintiff that Dr. Cormier is not qualified to render an opinion on medical causation. Dr. Cormier's testimony must be limited to the biomechanics of the collision, including "what injury causation forces are in general" and "how a hypothetical person's body will respond to those forces." *Thomas v. Chambers*, No. CV 18-4373, 2019 WL 1670745, at *4 (E.D. La. Apr. 17, 2019); *see also Collett v. GEICO Cas. Co.*, No. 16-15908, 2017 WL 4553525, at *1 (E.D. La. Oct. 11, 2017); *Collins v. Benton*, No. CV 18-7465, 2020 WL 3605942, at *6 (E.D. La. July 2, 2020).

Dr. Cormier has over twenty years of relevant experience, training and education in the field of biomechanical engineering, and the Court finds that Dr. Cormier's knowledge and experience will be helpful to the jury. The force of impact involved in a slow-speed collision of two 18-wheeler vehicles is not within the common understanding of the average juror. Moreover, testimony regarding force of impact is proper because it is not the sole or determinative factor in determining causation or extent of injuries. *See Pratt v. Culpepper*, 162 So.3d 616, 627 (La. App. 2 Cir. 2015).

The Court notes that Dr. Cormier reviewed the following data when forming his opinion: the police report, the depositions of the parties, photographs of the vehicles, testimony regarding

repairs to defendant's vehicle, photographs of the scene, statistics on each vehicle, and over sixty peer-reviewed papers on car crashes. R. Doc. 42-3 at 1-2. Accordingly, the Court finds that Dr. Cormier's methodology is based on sufficient facts and data.

Plaintiff's other objections, including any challenge to speed findings, can be adequately addressed during cross-examination of the expert, as they go to the weight of the evidence, not admissibility.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to exclude the testimony of Joseph Cormier, Ph.D, R. Doc. 37, be **GRANTED** in part and **DENIED** in part. To the extent Mr. Williby moves to exclude Dr. Cormier's opinions regarding medical causation, the motion is **GRANTED**. As to Dr. Cormier's opinions on the biomechanics of the collision, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Dr. Cormier produce the crush analysis with 10 days of this Order.

Accordingly, **IT IS ORDERED** that Plaintiff's *motion in limine* to strike the crush analysis, R. Doc. 37, is **DENIED**, reserving their right to refile this objection after further discovery.

New Orleans, Louisiana on this 9th day of November, 2020.

Eldon E. Fallon
U.S. District Court Judge